**Thomas A. SAWYER, husband; Cora A. Sawyer, wife, Plaintiffs–Appellants,**

v.

**STANDARD INSURANCE COMPANY, an Oregon corporation; General American Life Insurance Company; Paul Revere Life Insurance Company, a Massachusetts corporation, Defendants–Appellees.**

No. 99–17488.

D.C. No. CV–97–00211–JWS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2001.

Decided May 7, 2001.

Before BEEZER, O'SCANNLAIN, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Thomas Sawyer appeals the district court's grant of summary judgment to General Life Insurance Company ("General") in his action for recovery of disability insurance benefits. The district court ruled that Sawyer's disability insurance plan was covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), and that Sawyer's state law causes of action were therefore preempted. *See* 29 U.S.C. § 1144(a). The court then held that Sawyer's ERISA claim should be dismissed because his policy denied him benefits if his disability was due to a condition that manifested before the issuance of the policy, and because Sawyer had failed to produce evidence to establish the date of first manifestation of his chronic fatigue syndrome or fibromyalgia.

In reaching this decision, the district court appears to have conducted a proceeding that improperly included features of an Arizona contract law action that are inconsistent with an ERISA action. We therefore vacate its judgment and remand for a proceeding that comports with ERISA.

Because General, in its administrative processing of Sawyer's claim, did not treat this as a claim for benefits under ERISA, the task of the district court on remand cannot simply be to review General's denial of benefits on the present record. On remand, as a prelude to its review of any action by General, the district court should direct General to treat Sawyer's claim as an ERISA claim, compile an appropriate administrative record, and provide to Sawyer a "full and fair review" of his claim under ERISA. *See* 29 U.S.C. § 1133(2).

If, after treating Sawyer's claim appropriately, General grants the benefits Sawyer seeks, the case will be at an end. If, on the other hand, General denies benefits, the district court will be in a position to review the administrative record compiled by General in a bench trial in accordance

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

with ERISA, under the appropriate standard of review of General's action. *See Ingram v. Martin Marietta Long Term Disability Income Plan for Salaried Employees of Transferred GE Operations*, 244 F.3d 1109 (9th Cir.2001); *Kearney v. Standard Ins. Co.*, 175 F.3d 1084 (9th Cir.1999).

We note that because Sawyer's claim was treated in the district court as a kind of state law/ERISA law hybrid, General appears to have been allowed discovery that would not have been available in an ERISA action. It is possible that General thereby obtained otherwise unavailable information that is unfavorable to Sawyer. We are unable to determine on the record before us the actual detriment to Sawyer, if any, that has resulted from discovery in the district court. We are also not in a position to determine what protective order, if any, the district court should enter to put Sawyer in a position as close as possible to the one he would have occupied if he had been treated as an ERISA claimant from the outset. Because the district court on remand will be sensitive to the problem, it will be in a position to enter whatever protective order or orders may be appropriate under the circumstances.

VACATED and REMANDED.